IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOHN, ET AL. | : | |
|---|---|---|
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 12-5534 |
| DHARMESH, ET AL. | : | |

**SURRICK, J.**                                                              **JANUARY 15 , 2013**

## MEMORANDUM

Presently before the Court is Plaintiffs' Petition for Leave for Alternative Service (ECF No. 12). For the following reasons, the Petition will be denied.

## I.  BACKGROUND

Plaintiffs Darrel and Catherine John, husband and wife, filed a Complaint on September 27, 2012, alleging injuries as a result of a motor vehicle accident. (Pl.'s Pet. ¶ 1 & Ex. A, ECF No. 12.) Xtreme Sealcoating & Landscaping, LLC ("Xtreme") is named as one of the five (5) Defendants in the Complaint. (*Id*. at ¶ 2.) Plaintiffs have attempted unsuccessfully to serve Xtreme with a copy of the Complaint and Summons. They allege that the Chester County Sheriff attempted on three occasions to perfect service on Xtreme through its owner, Zachary Delay, at 222 Hanover Street, Pottstown, Pennsylvania, 19465. (*Id*. at ¶ 2.) The first attempt was made on December 3, 2012. (*Id*. at ¶ 3.) According to the Sheriff's Return of Service, there was no answer at the door, and the Sheriff left a "card." (*Id*. at ¶ 3 and Ex. B.) The second attempt was made on the following day. (*Id*. at ¶ 4.) Again, there was no answer at the door, and "the card left the previous day was gone." (*Id*. at ¶ 4 and Ex. B.) The Sheriff attempted to serve Xtreme a third time, on December 12, 2012, and again, there was no answer at the door. (*Id*. at ¶ 5.)

On January 9, 2013, Plaintiffs filed a Petition for Leave for Alternative Service, requesting that they be permitted to serve Xtreme by posting, and through regular and certified mail. They allege that, "despite the good faith efforts" on their part, Xtreme is unable to be served because it "has obstructed or prevented service of process by concealing its whereabouts and/or refusing to accept service." (*Id*. at ¶¶ 6, 7.)

## II.  DISCUSSION

Rule 4(h) of the Federal Rules of Civil Procedure provides that service of the complaint may be effected on a corporation, partnership or association "in a manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides for service pursuant to the law of the state in which the district court sits. *See* Fed. R. Civ. P. 4(e)(1). Plaintiffs have attempted service pursuant to Pennsylvania law by using the county sheriff. *See* Pa. R. Civ. P. 400 (stating that original process must be served "only by the sheriff"). Rule 430 of the Pennsylvania Rules of Civil Procedure provides that "[i]f service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service." Pa. R. Civ. P. 430. Rule 430 further provides that "the motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the wherabouts of the defendant and the reasons why service cannot be made." *Id*.

"Alternative methods of service are an 'option of last resort.'" *Grove v. Guilfoyle*, 222 F.R.D. 255, 256 (E.D. Pa. 2004) (quoting *Witherspoon v. City of Philadelphia*, 768 A.2d 1079, 1089 n.3 (Pa. 2001)). A plaintiff wishing to use alternative methods of service on a defendant must show that "good faith efforts" were made "to locate and serve the defendant." *Accu-Tech Corp. v. Network Techs. Grp., Inc.*, No. 05-1923, 2005 U.S. Dist. LEXIS 11940, at *2 (E.D. Pa.

June 17, 2005). The note accompanying Rule 430 provides examples of what constitutes good faith:

> An illustration of good faith effort to locate the defendant includes (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examination of local telephone directories, voter registration records, local tax records, and motor vehicle records.

Pa. R. Civ. P. 430(a), Note.

Here, Plaintiffs allege that the Sheriff made three attempts to serve Xtreme at a single address. We note that the address used by the Sheriff is different than the address listed for Xtreme in the Complaint. Plaintiffs do not explain why attempts were not made on the address alleged in the Complaint. Indeed, simple Google searches of Xtreme and Zachary Delay provide an address different than the one used by the Sheriff. Moreover, although the card left by the Sheriff was missing when the Sheriff returned to the location on the following day, we are not convinced that this demonstrates that Xtreme was obstructing or preventing service. Plaintiffs have failed to indicate that efforts were made to determine whether Xtreme's owner actually resides at the address used by the Sheriff. In addition, Plaintiffs have not shown that they have pursued other avenues to locate Xtreme or its owner. Under the circumstances, we are not satisfied that Plaintiffs have demonstrated good faith efforts to locate and serve Xtreme. *See Accu-Tech Corp.*, 2005 U.S. Dist. LEXIS 11940, at *3-4 (denying plaintiff's motion for use of alternative service on defendant where plaintiff attempted service at defendant's home on six occasions, and "there was no indication that plaintiff has attempted to examine voter registration records, local tax records, or motor vehicle records").

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Petition for Leave for Alternative Service will be denied.

An appropriate Order will follow.

                                         **BY THE COURT:**

                                         _____
                                         **R. BARCLAY SURRICK**